UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
JOSE GARCIA,                        :

              Petitioner,    :   05 Civ. 5334 (LMM)
                                 (99 Cr. 918 (LMM))
      - v -                         :
                                   MEMORANDUM AND ORDER
UNITED STATES OF AMERICA,           :

              Respondent.    :
------------------------------------x

McKENNA, D.J.

**1.**

The above petitioner, an alien, pleaded guilty on April 27, 2000 to a three-count information alleging violations of 18 U.S.C. § 1029, and was sentenced on November 27, 2000, principally to 18 months of imprisonment, and given a date on which to surrender to the facility designated by the Bureau of Prisons, ultimately extended to January 22, 2001.[1] He did not so surrender, but was apprehended in or about October of 2004, when a sealed indictment alleging the violation of 18 U.S.C. § 3146(a)(2) was unsealed; he pleaded guilty to that indictment before another judge on December 16, 2004, and was sentenced on April 8, 2005,

---

[1] Petitioner pleaded guilty pursuant to a written plea agreement in which he waived his rights to appeal and to proceed under 28 U.S.C. § 2255, if his sentence were within the stipulated guidelines range set forth in the plea agreement (which it was). (Gov't Mem., Ex. A, at 5.) Petitioner did not appeal this conviction.

principally to 12 months and a day of imprisonment, to be served consecutively to the 18 month sentence.

Petitioner now seeks, pursuant to 28 U.S.C. § 2255, an order setting aside the first conviction, on the ground that he pleaded guilty as a result of the ineffectiveness of counsel, who advised him, he alleges, that, if he pleaded guilty, "because [he] had been a lawful permanent residen[t] for a considerable period, and had significant family ties in the United States, a waiver would likely be granted" (Pet. ¶ 3); that advice, he asserts, was incorrect (id. ¶ 9 (citing United States v. Couto, 311 F.3d 179 (2d Cir. 2002)); and, he states, he became aware that the advice was incorrect when, at the time of his plea of guilty in the second case, the judge advised him of "the certainty of my deportation." (Id. ¶ 4.)[2]

The petition does not indicate whether or not either the Immigration and Naturalization Service (or, now, Immigration and Customs Enforcement) on the one hand, or petitioner, on the other, has initiated any relevant proceeding regarding petitioner's status.

The government contends that the petition is untimely.

---

[2] In fact, petitioner was advised that, "as a result of your guilty plea, you can likely be deported." (Transcript, Dec. 16, 2004 [Gov't Mem. Ex. E], at 8.)

2

2.

A motion under 28 U.S.C. § 2255 must be made within a year of the latest of four specified dates, two of which might be argued to apply here: "the date on which the judgment of conviction becomes final" and "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(1) & (4).

"[F]or purposes of [28 U.S.C.] § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires." Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005) (per curiam). Here, the conviction (which, as noted, was not appealed) became final on January 12, 2001, and, under 28 U.S.C. § 2255(1), the petition had to be filed by January 12, 2002. (See Gov't Mem. at 5-6.) It was not filed, however, until, at the earliest, May 20, 2005[3], and is therefore untimely under 28 U.S.C. § 2255(1).

Under 28 U.S.C. § 2255(4), the one-year limitation period begins to run on the date "when 'the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.' This is so, moreover, regardless of whether petitioner actually discovers the relevant facts at a later date."

---

[3] The petition will be deemed to have been filed on the day it was delivered to prison authorities to mail, see 3 Charles Alan Wright, et al., Federal Practice & Procedure § 597 (3d ed. 2004), which date cannot be earlier than the stated date of the petition, May 20, 2005 (Pet. at 1 & 5.)

3

Wims v. United States, 225 F.3d 186, 188 (2d Cir. 2000) (footnote omitted) (quoting 28 U.S.C. § 2255(4) (emphasis added in original)). That means that, if the relevant facts could have been discovered prior to May 20, 2004, the petition is not timely.

There is no indication from the petition or anything else before the Court that shows that, in the almost three and a half years between November 27, 2000, when petitioner was sentenced, and May 20, 2004, petitioner could not, through the exercise of due diligence, have discovered the facts on which the petition is premised. He knew, of course, that he was an alien, he was aware, as the petition shows, of whatever pre-plea discussions he had with his counsel, he knew, or could have learned, from the judgment of conviction (including, as a condition of supervised release, that he "comply with all lawful directives of I.N.S." (Gov't Mem., Ex. C., at 3)) that the government was aware of his alien status, and he had plenty of time to take steps to inquire into his immigration status. United States v. Couto, on which he relies, was decided in November of 2002. Petitioner could, through the exercise of due diligence, have ascertained the facts and filed his petition well before May 20, 2004, and the petition is therefore untimely under 28 U.S.C. § 2255(4).

Nor is petitioner entitled to equitable tolling. Mamaradlo v. United States, No. 00 Civ. 2468, 2000 WL 633417

4

(S.D.N.Y. May 17, 2000) (declining, on facts similar to present case, to apply equitable tolling).

\* \* \*

For the reasons set forth above, the petition is dismissed as untimely.

SO ORDERED.

Dated: August 12, 2005

                                            Lawrence M. McKenna
                                                  U.S.D.J.